instructed the jury that a person carrying goods for hire must be intended of one who makes it his common employment and the means of his livelihood. 2 L. Ray., 918, where it is said a carrier to be absolutely liable must be understood of a person of that description. Suppose the plaintiff, in the present case, had gone to the defendant's with the common price for the carriage of goods from Virginia to Hillsboro, and required of him to proceed to Virginia and receive the goods, and to bring them to Hillsboro — might not the defendant have refused? Was he bound to undertake the business assigned him? No, certainly he was not. And why? Because he had not undertaken to serve the public generally, or, in the words of my Lord Holt
(Salk., 249), "all persons indifferently for hire in carrying goods from place to place." If he is not thus bound, he is not that common carrier spoken of in the law books and, in the cases produced, who is liable in all events, except for the acts of God and public enemies; and he must then stand upon the ground of a person whose common (16) business it is not undertaking to do an act for another at his request and for him — the employer knowing him not to be commonly conversant in that business. 3 Bl. Com., 166. In other words, he is not liable to the political rule before mentioned, but to the rule only which results from natural justice, which requires no more of him than common and usual prudence and diligence in the performance of what he has undertaken, and does not subject him to answer for accidents which have not happened for want of that prudence and diligence.
Under this direction, the jury found for defendant.